# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

        Plaintiff,

  v.                                    Case No. 08-C-156

ROLAND BANKS,

        Defendant.

## ORDER

Plaintiff Peter M. Bernegger, filed this diversity action against Defendant Roland Banks, Jr., alleging defamation, breach of a confidentiality agreement between the parties, and invasion of privacy. Bernegger also filed a motion for leave to proceed *in forma pauperis*, an affidavit of indigency dated February 20, 2008, and a supplemental affidavit dated March 7, 2008. However, it appears that Bernegger is not indigent. In his supplemental affidavit, Bernegger clarifies that he earns $6,350 in gross income. He indicates that he has an outstanding dental bill of $9,147.00, and that his wife's work hours have been cut to less than twenty hours per week. He does not specify his wife's present income under such circumstances. Bernegger states that he makes a mortgage payment of $3,000 per month, but is "upside down on" his $700,000 house. The court presumes this to mean that the balance of the mortgage is greater than the fair market value of the property. Bernegger has two dependent children, and pays $3,000 per month to the trustee of his Chapter 13 Bankruptcy. He claims his expenses for food, heat, and "daily living" amount to an additional $2,000 per month. Bernegger states, however, that he owns a truck valued at $2,500, a car worth

$12,500, and $2,000 of valuable artwork. He indicates he has $10,400 in cash or checking, savings, or other similar accounts.

Generally speaking, *in forma pauperis* status is reserved for those plaintiffs who are incarcerated or who have almost no means at their disposal. *See* 28 U.S.C. § 1915. A plaintiff need not be completely without funds in order to proceed *in forma pauperis*, and may qualify if he cannot "pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Nonetheless, the court does not believe that by paying the $350 filing fee, Bernegger will be forced to choose between pursuing his claim and acquiring or retaining the necessities of life, even if it will require some financial sacrifice. Thus, Bernegger "must now confront the initial dilemma which faces most other potential civil litigants: is the merit of the claim worth the cost of pursuing it?" *Carroll v. U.S.*, 320 F. Supp. 581, 582 (D.C. Tex. 1970); *Hayes v. Potter*, 2007 WL 1582656, *3 (D.S.C. 2007).

**THEREFORE IT IS ORDERED** that plaintiff's motion seeking leave to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff pay the full $350.00 filing fee within thirty (30) days from the date of this order. If he fails to do so, the case will be dismissed without prejudice.

Dated this  17th  day of March, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
