UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

      Plaintiff,

v.                                               Case No. 08-C-156

ROLAND BANKS, JR.,

      Defendant.

**ORDER**

Plaintiff Peter M. Bernegger, proceeding pro se, brought this action for damages and injunctive relief against Defendant Roland Banks, Jr., his former business partner. The First Amended Complaint asserts claims for defamation, negligence, breach of a confidentiality agreement, and invasion of privacy. Banks, also appearing pro se, filed an answer and later followed up with a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b). But since Banks failed to assert lack of personal jurisdiction in his answer, that defense is waived. *See* Fed. R. Civ. P. 12(h)(1); *Swaim v. Moltan Co.*, 73 F.3d 711, 717 (7th Cir. 1996) ("Generally, the failure to challenge personal jurisdiction in a responsive pleading amounts to a forfeiture of that claim."). Accordingly, the motion to dismiss for lack of personal jurisdiction is denied.

Banks also asserts in his motion to dismiss that the claims asserted by Bernegger arise under an Operating Agreement for the business the parties ran in the State of Mississippi. The Operating Agreement requires that all disputes between the parties are to be submitted for binding arbitration in Mississippi. Bernegger has challenged the authenticity of the agreement in a motion to strike

Banks' answer, however, and also argues that his claims are outside the scope of the agreement. (Mot. to Strike ¶ 1; Opp. Mot. to Dismiss ¶ 6.) I conclude that the record is not sufficiently developed to permit a ruling on this aspect of Banks' motion at this time.

As noted, Bernegger has also filed a motion to strike Banks' answer. His objections are directed primarily to the form of Banks' answer, i.e., failure to include the proper caption. Given Banks' pro se status, I am satisfied the answer is sufficient. The motion to strike will therefore be denied. To the extent the answer was not timely, the court grants an enlargement of time since it is clear that Banks disputes Bernegger's claims, which are so vague and indefinite as to be of questionable merit.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss for lack of personal jurisdiction (Doc. # 13) is denied as waived. To the extent defendant's motion seeks dismissal on the ground that the claims are subject to arbitration in the State of Mississippi, the court withholds ruling pending a more complete development of the record. The plaintiff's motion to strike the defendant's answer (Doc. # 11) is denied. The clerk is directed to set this matter on the court's calendar for a Rule 16 conference to discuss venue, arbitration, defendant's request for a more definite statement of the claims, scheduling and possible early disposition of the case. Fed. R. Civ. P. 16. Plaintiff, a resident of Wisconsin, is directed to appear personally. Defendant, who resides in Maryland, may appear by telephone. If he elects to appear by telephone, Defendant shall advise the clerk of the number where he can be reached at the time of the hearing.

Dated at Green Bay, Wisconsin, this   7th   day of May, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge