UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

    Plaintiff,

v.                                            Case No. 08-C-156

ROLAND BANKS, JR.,

    Defendant.

**ORDER**

Plaintiff Peter M. Bernegger, proceeding pro se, brought this action for damages and injunctive relief against Defendant Roland Banks, Jr., his former business partner, asserting claims for defamation, negligence, breach of a confidentiality agreement, and invasion of privacy. Bernegger now seeks to further amend his complaint to allege that Banks violated Wisconsin Statute Section 943.30(1) when, in an email dated April 30, 2008, he maliciously threatened Bernegger's profession, business and livelihood, and to file criminal charges against him.

Federal Rule of Civil Procedure 15(a) requires Bernegger to secure leave of the Court to amend his complaint, but provides that such leave "shall be freely given when justice so requires." While the matter is entrusted to the sound discretion of the district court, the Supreme Court has held that

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Banks has filed no objection to Bernegger's motion, and there is no evidence that it has been brought in bad faith or would result in undue prejudice. Bernegger alleges that Banks sent the April 30, 2008 email with the intent of gaining a pecuniary advantage. Bernegger has attached as Exhibit A to his proposed second amended complaint a copy of the email, reflecting a settlement offer proposed by Banks, which indicates that if Bernegger did not agree to the proposal, Banks would "seek to remove [Bernegger] as Managing Member" of the parties' business organization, ask the FBI to conduct an investigation concerning the business, "bring criminal charges against [Bernegger] where possible," and "try [his] best to limit [Bernegger's] access to the technology for any use in the future," among other things. (Proposed Second Am. Compl., Ex. A.) On the other hand, if Bernegger agreed to the proposal and dismissed the instant lawsuit against Banks, Bernegger would be given "unlimited rights to all application of the technology and 100% of the company." (*Id.*) Banks would also retain rights to the technology presently governed by the business agreement between the parties, and certain equipment. (*Id.*)

Wis. Stat. Section 943.30(1) provides that

Whoever, either verbally or by any written or printed communication, maliciously threatens to accuse or accuses another of any crime or offense, or threatens or commits any injury to the person, property, business, profession, calling or trade, or the profits and income of any business, profession, calling or trade of another, with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do any act against the person's will or omit to do any lawful act, is guilty of a Class H felony.

2

A plaintiff may maintain a private cause of action based on the statute. *See Elbe v. Wausau Hosp. Center*, 606 F. Supp. 1491, 1500 (D.C. Wis. 1985) (citing *Judevine v. Benzies-Montanye Fuel & Warehouse Co.*, 222 Wis. 512, 523, 269 N.W. 295, 300-301 (Wis. 1936), *overruled in part on other grounds by Martin v. Outboard Marine Corp.*, 15 Wis. 2d 452, 460, 113 N.W.2d 135, 139 (Wis. 1962)).

Here, given the liberal notice pleading theory underlying the Federal Rules of Civil Procedure, Bernegger's allegations that the statements in the email were made with the intent to extort a pecuniary advantage are sufficient to state a claim under the statute. *See State v. Harrington*, 260 A.2d 692, 699 (Vt. 1969) (interpreting similar statute) ("A demand for settlement of a civil action, accompanied by a malicious threat to expose . . . criminal conduct, if made with intent to extort payment . . . constitutes the crime alleged."); *O'Neil v. State*, 237 Wis. 391, 296 N.W. 96, 100 (Wis. 1941) (holding that liability under the statute may be found if prosecution for libel was threatened maliciously with intent thereby to extort money, rather than merely mentioned in a good-faith effort to obtain a settlement by payment of reasonable compensation for damage sustained). As noted, no opposition to the motion has been filed, and there is no indication that it has been motivated by the improper purposes set forth in *Foman*.

Accordingly, Bernegger's motion to further amend his complaint (Dkt # 22) is **GRANTED**. The clerk is to file the proposed amended complaint forthwith and Banks shall have twenty (20) days from the date of filing to answer or otherwise respond to the claims asserted therein.

**SO ORDERED** this   12th   day of August, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

3