UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

    Plaintiff,

v.                                                                   Case No. 08-C-156

ROLAND BANKS, JR.,

    Defendant.

**ORDER**

Plaintiff Peter M. Bernegger, proceeding pro se, brought this action for damages and injunctive relief against Defendant Roland Banks, Jr., his former business partner, asserting claims for defamation, negligence, breach of a confidentiality agreement, invasion of privacy, and malicious threatening of Bernegger in violation of Wisconsin Statute § 943.30(1). Federal jurisdiction arises under 28 U.S.C. § 1332. The case is presently before me on Banks' motion to stay the case and refer the matter to arbitration. For the reasons that follow, Banks' motion will be granted.

**DISCUSSION**

Although the cryptic allegations of Bernegger's amended complaint make no mention of it, it is clear from the motion to stay the case and supporting affidavit that all of Bernegger's claims arise out of his soured business relationship with Banks. Bernegger and Banks both have equal partnership interests in Ultra Drying Technology, LLC ("UDT"). (Banks Aff. at 1.) According to

the Operating Agreement signed by the parties, UDT was formed to manufacture, license, lease and sell certain technology invented by Banks that could be used to grind, dry and dehydrate many different types of material, including human foods, nutracueticals and human waste. (Operating Agreement, doc. # 8, ex. A, at 1.) Banks, the inventor, was to supply the technology, and Bernegger was to supply the capital needed to patent the technology and bring it to market. The Operating Agreement outlines the relationship between the parties and their respective rights and responsibilities. It also includes a dispute resolution provision, which reads:

> <u>Arbitration</u>. Any controversy, dispute, stalemate, deadlock or claim of whatever nature arising out of, in connection with, or in relation to the interpretation, performance or breach of this agreement, including any claim based on contract, tort, or statute, shall be settled, at the request of any party to this agreement, by final and binding arbitration conducted at a location determined by the arbitrator in Rankin, Mississippi, administered by and in accordance with the then existing rules of practice and procedure of the American Arbitration Association, and judgment upon any award rendered by the arbitrator(s) may be entered by any state or federal court having jurisdiction. . .

(Banks Aff. at 3; Dkt. #8 Ex. A at 21.) Banks argues he is entitled to enforcement of this provision under the Federal Arbitration Act ("FAA"), 9 U.S.C §§ 1, *et seq*. He contends that all of Bernegger's allegations relate to the business relationship between the parties. Banks further argues that even if only one of the claims is arbitrable, the FAA requires that the proceedings be stayed to allow for arbitration.

Bernegger does not deny the existence of the arbitration clause in the Operating Agreement, nor that it is enforceable under the FAA. Instead, Bernegger argues the arbitration clause does not apply to the current dispute. Bernegger contends that the alleged personal attacks by Banks on him "caused Peter severe personal damage" not covered by the clause. (Dkt. # 32 at 6.) From Bernegger's perspective, Banks' alleged threatening of him as an individual was not meant to be

2

covered by the arbitration clause. (*Id.*) Bernegger's concern is that if the Court were to enforce the clause and direct the parties to arbitration, Banks could act with impunity against him and Bernegger would have no recourse to the Court for civil remedies. (*Id.* at 7.)

I conclude that Banks has the better argument. "[T]he FAA embodies a strong federal policy in favor or arbitration." *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd.,* 1 F.3d 639, 641 (7th Cir.1993). The duty to arbitrate arises from contract, so the question of whether arbitration is required demands analysis of the arbitration provision in the contract. *Id.* Unless the parties to the agreement "clearly and unmistakably" provide otherwise in their agreement, the question of whether a particular dispute must be arbitrated is a question to be resolved by judicial determination. *Duthie v. Matria Health Care, Inc.*, 540 F.3d 533, 537 (7th Cir. 2008)(citation omitted).

The Seventh Circuit has noted that "once it is clear the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration." *Miller v. Flume,* 139 F.3d 1130, 1136 (7th Cir.1998). "An order to arbitrate [a] particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

The scope of the arbitration provision at issue in this case is very broad. It applies to "[a]ny controversy, dispute, stalemate, deadlock or claim of whatever nature arising out of, in connection with, or in relation to the interpretation, performance or breach of this agreement, including any claim based on contract, tort, or statute. . ." (Dkt. #8 Ex. A at 21.) Where parties have agreed to

3

arbitrate all disputes "arising out of" their agreement, the scope of the agreement to arbitrate "reaches all disputes having their origin or genesis in the contract." *Sweet Dreams Unlimited, Inc.*, 1 F.3d at 642.

Bernegger's claims against Banks all "arise out of" or are connected with the Operating Agreement and thus fall squarely within the scope of the arbitration clause. These claims have their genesis in the agreement between the two parties to operate the UDT partnership, even if Bernegger contends that the wrongs he has alleged to have suffered are personal in nature. The wrongs he alleges against Banks are all connected with their business relationship. The allegedly threatening and defamatory statements relate to the parties' business and were made to potential customers. The same statements are apparently the basis of the breach of confidentiality and invasion of privacy claims, and the confidentiality agreement that was presumably breached is set forth in the Operating Agreement. (Operating Agreement, § 4.10.) Even the alleged threats to accuse Bernegger of criminal conduct are predicated upon an email Banks sent Bernegger in an effort to settle their dispute. In sum, all of the claims arise out of, are in connection with, or in relate to the interpretation, performance or breach of the Operating Agreement.

**CONCLUSION**

I conclude that the Operating Agreement entered into by the parties provides for the arbitration of all of the claims asserted by Bernegger. For this reason, Banks' motion to stay proceedings and refer the matter arbitration is granted. All claims against Banks in this action are hereby stayed pending outcome of arbitration. All other outstanding motions are denied as moot.

4

The Clerk is directed to administratively close the case for statistical purposes, and the parties shall notify the Court when the arbitration is completed or if further action by the Court is needed.

**SO ORDERED** this   20th   day of October, 2008.

                                                                  s/ William C. Griesbach
                                                                 William C. Griesbach
                                                                 United States District Judge