# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

    Plaintiff,

v.                                                       Case No. 08-C-156

ROLAND BANKS, JR.,

    Defendant.

## ORDER

    Plaintiff Peter M. Bernegger, proceeding pro se, brought this action for damages and injunctive relief against Defendant Roland Banks, Jr., his former business partner, asserting claims for defamation, negligence, breach of a confidentiality agreement, invasion of privacy, and malicious threatening of Bernegger in violation of Wisconsin Statute § 943.30(1). Federal jurisdiction arises under 28 U.S.C. § 1332. The case is presently before me three motions. The first two are Bernegger's motions to stay and set aside the Court's order of October 14, 2008. (Dkt. # 55, 57.) The third motion from Bernegger is for permission to appeal *in forma pauperis*. (Dkt. # 65.) For the reasons that follow, Bernegger's three motions will be denied.

    The Court ordered these proceedings stayed on October 20, 2008, and referred the parties to arbitration. (Dkt. # 54.) Bernegger's two motions filed on October 27, 2008, though referring to the October 14, 2008, order of the Court, also seem to refer to the order of October 20, 2008. Bernegger filed a notice of appeal on October 29, 2008, indicating he was appealing an order of October 28, 2008, even though there is no order of that date. Based upon his other filings, however,

it is apparent Bernegger wishes to appeal the October 20, 2008, order which stayed these proceedings and referred the parties to arbitration. On October 29, 2008, Bernegger filed an Affidavit accompanying motion for permission to appeal *in forma pauperis*, but did not file a motion. I will construe his affidavit as such.

## Motions to Stay and Set Aside Order

Bernegger cites Federal Rule of Appellate Procedure 8(a)(1)(A) as the basis for his motion to stay the Court's order. This rule provides for "a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). The Federal Arbitration Act ("FAA"), 9 U.S.C §§ 1, *et seq.*, specifically prohibits the appeal of an interlocutory order of the district court to stay proceedings under Section 3 of the FAA. 9 U.S.C. § 16(b)(1); *McCaskill v. SCI Management Corp.* 298 F.3d 677, 678 (7th Cir. 2002) ("An appeal may be taken from a 'final decision with respect to an arbitration', but not from an interlocutory order staying the action or 'compelling arbitration'.) (quoting 9 U.S.C. §§ 16(a)(3), (b)(1), (b)(3)). The only means to obtain review by the Court of Appeals of such an order under the FAA is a discretionary appeal under 28 U.S.C. § 1292(b), which is inapplicable to this case. 9 U.S.C. § 16(b). The Court's order staying these proceedings and referring the matter to arbitration is not appealable under the FAA. For these reasons, Bernegger's motion under Fed. R. App. P. 8(a)(1)(A) will be denied as moot.

Bernegger's other motion appears to ask the Court to set aside its October 14, 2008, order holding in abeyance discovery and its October 20, 2008, order staying the proceedings. Bernegger takes issue with the basis of the Court's decision on the stay and asserts that one of his claims against Banks predates their entry into the agreement under which they have now been referred to arbitration. He brings his motion under Federal Rule of Civil Procedure 60(b)(5) and (6). Rule

2

60(b) provides for relief from a "Final Judgment, Order, or Proceeding" and can provide no relief for an interlocutory order such as the one, or ones, Bernegger challenges. Bernegger's motion for a set aside of the Court's order will be denied.

### Motion to Proceed *In Forma Pauperis*

There are two grounds for denying *in forma pauperis* status to an appellant: he/she has not established indigence, or the appeal is in bad faith. *See* 28 U.S.C. §§ 1915(a)(2)-(3). Plaintiff's affidavit establishes indigence, which leaves the question of bad faith.

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California,* 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

The issues Bernegger claims to have for appeal are: (1) wrongfully being denied a subpoena, (2) the "hidden rules, not in writing, against Pro Se [sic] parties", (3) the issuance of conflicting orders by the Court, (4) the Court allowing the defendant to "bypass" the Federal Rules of Evidence, (5) the Court's disregard of its own order(s), and (6) a failure of the Court to apprehend a "key issue filed with in [sic] court record 5 times". (Dkt. # 65 at 2.)

Although he claims a number of issues for appeal, Bernegger is attempting to appeal a non-appealable interlocutory order of the Court. This he may not do. This is because, as I indicate

above, the FAA does not permit such an appeal. As Bergnegger's appeal does not involve any "legal points arguable on their merits", it is not taken in good faith. *Howard*, 707 F.2d at 219-20. Thus, I will deny the Plaintiff's request to proceed *in forma pauperis* on appeal.

**IT IS THEREFORE ORDERED** that the Plaintiff's motion to stay the Court's order under Fed. R. App. P. 8(a)(1)(A) is **DENIED** as moot.

**IT IS ALSO ORDERED** that the Plaintiff's motion for a set aside of the Court's order is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's request to proceed *in forma pauperis* on appeal is hereby **DENIED,** because this court determines that this appeal has been taken in bad faith.

Dated this   31st   day of October, 2008.

                              s/ William C. Griesbach
                              William C. Griesbach
                              United States District Judge