UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

    Plaintiff,

v.                                                                        Case No. 08-C-156

ROLAND BANKS, JR.,

    Defendant.

## ORDER

Plaintiff Peter M. Bernegger, proceeding pro se, has filed a motion requesting that I recuse or disqualify myself from these proceedings. Bernegger claims that I, along with the clerk, committed a fraud upon the Court by improperly denying his request for the issuance of a subpoena. Bernegger contends that when a pro se litigant requests the issuance of a subpoena pursuant to Fed. R. Civ. P. 45(a)(3), the clerk must issue the subpoena in blank without further inquiry. In this case, the clerk advised me of Bernegger's request and I entered an order staying all proceedings, denying Bernegger's request for a subpoena and granting the defendant's motion for a protective order pending a decision on the defendant's motion to refer the matter to arbitration pursuant to the contract between the parties. Bernegger claims I have no authority to review such requests and that the Court's consideration of his request for the subpoena was an improper *ex parte* communication. For the reasons stated below, his motion will be denied.

I note at the outset that this case has been stayed and the parties have been referred to arbitration. (Dkt. # 54.) Bernegger's request for a subpoena was denied when the Court stayed all

discovery while the motion to refer the case to arbitration was pending. Upon granting the defendant's motion referring the case to arbitration, the case was administratively closed, and thus Bernegger's motion that I recuse myself would appear to be moot. Since no active case is pending, there is no reason to recuse myself even if grounds to do so existed. In fact, however, such grounds do not exist.

      A subpoena subjects its recipient to compulsory process and therefore can have profound implications for those to whom it is directed. Licensed attorneys, who are authorized as officers of the court to issue subpoenas on their own, have training in the rules of evidence and procedure that provides some assurance that they will not needlessly inconvenience people by issuing subpoenas that compel them to appear in court or other proceedings without some basis in law or fact. The same is not true of pro se litigants. In this Court's experience, pro se litigants have attempted to issue subpoenas to United States Senators, Congressman and governors, even though they have no relation to the case. Counsel who request a subpoena do so with knowledge that abuse of the process could jeopardize their license to practice law, and thus have strong incentives not to do so. The circumstances under which pro se litigants operate are significantly different. Pro se litigants are not subject to the same professional sanction as counsel and often do not have the funds to pay any monetary sanction which a court might impose. Given their lack of legal training and experience, and the fact that many such litigants have no incentive to use caution in subjecting other citizens to what may be significant inconvenience and expense, I have encouraged the clerk to consult with me before issuing a subpoena at the request of a pro se litigant. I reject Bernegger's contention that this is improper.

2

Case 1:08-cv-00156-WCG    Filed 11/10/08    Page 2 of 3    Document 74

Bernegger contends that he did not intend for his subpoena request to be filed with the Court and that the Clerk of Court's presentation of it to me constituted an improper *ex parte* communication. This argument fails to appreciate the fact that Clerk is an arm of the Court and operates as directed by the Court. "The clerk of each court and his deputies and assistants shall exercise the powers and perform the duties assigned to them by the court." 28 U.S.C. § 956. The Clerk of Court is subject to removal by the district court. 28 U.S.C. § 751(a). Consistent with their integral role in the operation of the Court, such personnel are covered by quasi-judicial immunity. *Richman v. Sheahan*, 270 F.3d 430, 436 (7th Cir. 2001); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) ("[T]here is 'general agreement that court officials ... who act at the behest of a judge or pursuant to a court order are entitled to absolute quasi-judicial immunity from suit as to those actions.'") (citation omitted). When Bernegger sent his request to the Clerk's office, he was also submitting it to the Court. In any event, my consideration of the request does not amount to improper consideration of an *ex parte* communication, as it was not a communication on the merits of the case.

Finally, I find Bernegger's allegation of fraud upon the Court unfounded. I do not believe that my "impartiality might reasonably be questioned" and therefore decline to disqualify myself from these stayed proceedings. 28 U.S.C. § 455(a).

**IT IS THEREFORE ORDERED** that the Plaintiff's motion for recusal is **DENIED**.

Dated this   7th   day of November, 2008.

                                                        s/ William C. Griesbach
                                                       William C. Griesbach
                                                       United States District Judge