# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

      Plaintiff,

  v.                                                 Case No. 08-C-156

ROLAND BANKS, JR.,

      Defendant.

## ORDER

      Plaintiff Peter M. Bernegger, proceeding pro se, has filed a document he has document entitled "Motion for Perjury." The gist of the motion is that Bernegger takes issue with the content of an affidavit of Defendant Roland Banks, Jr., regarding the underlying facts that was previously filed in the action. Banks responded with a motion for sanctions pursuant to Fed. R. Civ. P. 11, asserting that Bernegger is continuing to file frivolous motions in an effort to harass and intimidate Banks. For the reasons stated below, both motions will be denied.

      I note at the outset that the Court previously granted Banks motion to stay the case and refer the parties to arbitration. Upon granting the motion, the case was administratively closed. (Dkt. # 54.) Since there is no longer an open case pending before me between the parties, the Court declines to take any action. In the event the stay is lifted, the parties can proceed to file appropriate motions. For this reason alone, the motions will be denied.

      An additional reason for denial of Bank's motion for sanctions against Bernegger is that the motion and supporting affidavit fail to indicate whether Banks provided Bernegger the opportunity

to withdraw or appropriately correct as required by Fed. R. Civ. P. 11(c)(2). Of course, the Court retains "inherent authority to sanction conduct that abuses the judicial process." *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir.2003)); *see also Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997) (court imposed monetary sanction based upon its inherent authority and noted split in the Courts of Appeal on the question of whether the sanction provision of 28 U.S.C. § 1927 is applicable to pro se litigants). Should Bernegger's actions warrant sanction, the Court will take appropriate action under its inherent powers. But for now, the Court declines to impose a monetary sanction that, in light of Bernegger's financial status, is unlikely to be paid and will only give rise to further issues for Bernegger to litigate, thereby wasting even more of the resources of both counsel and the Court.

This is not to say, however, that Banks should not receive protection from Bernegger's threat to follow him to "the gates of hell" and that Bernegger is "not stopping for one day in filing pleadings." (Doc. # 78, Aff. of Elizabeth A. Neary ¶ 7, Ex. A.) But instead of imposing an ineffective monetary sanction that will simply result in further litigation, the Court will enter the following protective order:

  1. Bernegger is hereby enjoined from filing any further motions or pleadings in this matter, other than a motion to lift the stay previously entered.

  2. Banks and his attorney need not respond to any pleading or motion Bernegger hereafter files in this action until and unless the Court lifts the stay previously entered and directs them to do so.

  3. In the event Bernegger violates this order, the Court will vacate its previous order referring the matter for arbitration and order the action dismissed with prejudice as a sanction pursuant to Fed. R. Civ. P. 16(f).

4. Plaintiff's "Motion for Perjury" and Defendant's Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c)(2) are **DENIED.**

**SO ORDERED** this   26th   day of November, 2008.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge