UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER M. BERNEGGER,

        Plaintiff,

  v.                                                            Case No. 08-C-156

ROLAND BANKS,

        Defendant.

**ORDER**

On October 20, 2008, this Court entered an order staying the above matter in order to permit arbitration. The order was based in part upon the fact that the parties had entered into an operating agreement requiring arbitration of all disputes arising out of the agreement. Because plaintiff has apparently failed to initiate arbitration proceedings in the past two years, this Court entered an order on February 15, 2011 indicating its intent to dismiss the suit for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) unless plaintiff showed cause for failing to pursue arbitration as directed by the Court. (Dkt. 88.) Such order effectively lifted the stay, allowing the case to move forward toward disposition.

Rather than provide an explanation for not proceeding to arbitration, plaintiff filed motions to stay and strike the Court's February 15, 2011 order (Dkts. 89 and 90.) The main thrust of plaintiff's motions is that the Court improperly relied on an affidavit submitted by defendant's attorney in which defense counsel states that her client has not been notified of the commencement of arbitration proceedings by plaintiff. (Dkt. 86.) In his status report, filed February 9, 2011,

plaintiff claims he "sent a written communication" directly to defendant (not to defendant's counsel) "about arbitration" but never received a response. (Dkt. 84.) Plaintiff does not indicate what day he sent such letter and does not attach a copy. Merely sending a letter to defendant "about arbitration" does not equate to initiating arbitration proceedings, a step plaintiff was responsible for as the allegedly aggrieved party. While the arbitration clause of the operating agreement signed by plaintiff and defendant does not specify which party is to initiate arbitration proceedings, it does indicate that the rules of the American Arbitration Association control. (Dkt. 8-2 at Section 13.15.) Those rules make plain that here plaintiff has the duty to initiate arbitration:

> a) Arbitration under an arbitration provision in a contract shall be initiated in the following manner:
>
> (i) The initiating party (the "claimant") shall, within the time period, if any, specified in the contract(s), give to the other party (the "respondent") written notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested.
>
> ii) The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule included with these rules.

(Commercial Arbitration Rule 4 of the American Arbitration Association). Absent contractual provisions to the contrary, the non-complaining party has no duty, under the Rules of Arbitration of the American Arbitration Association, to initiate claims against itself. Here defendant was not required to initiate arbitration proceedings against himself. Even assuming plaintiff sent a letter "about arbitration" directly to defendant, plaintiff has not complied with the initiation procedures called for by the American Arbitration Association.

2

Plaintiff's motions to stay and strike have no bearing on his failure to initiate arbitration and provide no compelling reason for such failure. Plaintiff has had over two years to initiate arbitration but has failed to do so.

For the reasons set forth above plaintiff's motions to strike and stay (Dkts. 89 and 90) are **denied**. Further, because plaintiff has failed to comply with the Court's Order to Show Cause, this case is **dismissed** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED** this ___1st___ day of March, 2011.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
